RCC

FILED
DECEMBER 14, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY PELLICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **07 C 7042** |
| VILLAGE OF HINSDALE, | ) | |
| a municipal corporation; | ) | |
| ARTHUR HOLECEK, | ) | **JUDGE LEINENWEBER** |
| a Village of Hinsdale | ) | **MAGISTRATE JUDGE COLE** |
| Police Officer (Star # 202); | ) | |
| THOMAS KREFFT, | ) | |
| a Village of Hinsdale | ) | |
| Police Officer (Star # 204), | ) | |
| FRANK HOMOLKA, | ) | |
| a Village of Hinsdale | ) | |
| Police Officer; | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Jurisdiction

    1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and § 1988; the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States; and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

    2.    At all relevant times pertaining to this occurrence, Plaintiff Gregory Pellico was a United States citizen, residing in Elmhurst, DuPage County, Illinois.

    3.    At all relevant times pertinent to this occurrence, Defendants Arthur Holocek,

>   Thomas Kreft and Frank Homolka were police officers with the Village of Hinsdale, Illinois.
>
> 4. Defendants Holocek, Krefft and Homolka were acting under color of law and within the course and scope of their employment with Village of Hinsdale at all times pertinent to this Complaint.
>
> 5. Defendant Village of Hinsdale is a municipal corporation, incorporated under the laws of the State of Illinois, and the Village was, at the time of the occurrence, the employer and principal of Defendants Holocek, Krefft and Homolka.

Facts

> 6. On or about July 14, 2006, Plaintiff was approached by one or more Village of Hinsdale police officers.
>
> 7. On the above date, Defendant Holocek physically abused the Plaintiff in a willful and wanton manner, *i.e.*, he hit the Plaintiff in the left arm, causing bruising, and purposefully and unreasonably twisted the Plaintiff in such a manner as to cause serious permanent injury to the Plaintiff's left knee. In addition, Holocek and/or Krefft caused injury to the Plaintiff's wrists by handcuffing the Plaintiff in an unreasonable and unnecessary manner.
>
> 8. When Holocek and/or Krefft took the above actions, Defendants Holocek, Krefft and/or Homalka had a reasonable opportunity to prevent such excessive force, but each of them failed to take any steps to intervene to prevent such abuse, even though each of them had a reasonable opportunity to do so.
>
> 9. On the above date, the Plaintiff was arrested by Defendants Holocek and/or

      Krefft, without probable cause or any other legal justification, and charged with various misdemeanor offenses. When Holocek and/or Krefft and/or Homolka took the above actions, they each had a reasonable opportunity to prevent the Plaintiff from being falsely arrested, but each failed to take any steps to intervene to prevent the false arrest.

10. Thereafter, Defendants Holocek and/or Krefft and/or Homolka falsely charged the Plaintiff and/or played a substantial role in the charing of the Plaintiff, with various misdemeanor offenses, all of which were terminated in a manner consistent with the innocence of the Plaintiff on December 14, 2006.

11. As a result of the actions described in this complaint, the Plaintiff suffered severe past, future and permanent physical and mental pain and suffering, and pecuniary damages (including but not limited to medical bills and attorneys' fees).

### COUNT I – 42 U.S.C. § 1983, Excessive Force – Plaintiff v. Arthur Holocek and Thomas Krefft

12. Plaintiff re-alleges the previous allegations.

13. Defendant Holocek and/or Krefft unreasonably physically abused the Plaintiff in a manner described more fully above, and thus violated the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from excessive force.

14. The actions of Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights as well as his injuries, as described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Holocek and Krefft, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this court deems equitable and just.

### COUNT II – 42 U.S.C. § 1983, False Arrest – Plaintiff v. Arthur Holocek and Thomas Krefft

15. Plaintiff re-alleges the previous allegations.

16. Defendants Holocek and/or Kreft falsely arrested the Plaintiff, and thus violated the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from unreasonable searches and seizures.

17. The actions of Defendants Holocek and/or Krefft were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights as well as their injuries, as described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Holocek and Krefft and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this court deems equitable and just.

### COUNT III – 42 U.S.C. § 1983, Failure to Intervene to Prevent Excessive Force -- Plaintiff v. Arthur Holocek, Thomas Krefft and Frank Homolka

18. Plaintiff re-alleges the previous allegations.

19. Defendants Holocek, Krefft and/or Homolka failed to intervene to prevent other police officers from using excessive force, even though each of them had a reasonable opportunity to do so, and thus violated the Plaintiff's rights under the

> Fourth and Fourteenth Amendment to the United States Constitution to be free from excessive force.

20. The actions of Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights as well as his injuries, as described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Holocek, Krefft and Homolka, and because these Defendants acted maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this court deems equitable and just.

### COUNT IV– 42 U.S.C. § 1983, Failure to Intervene to Prevent False Arrest -- Plaintiff v. Arthur Holocek, Thomas Krefft and Frank Homolka

21. Plaintiff re-alleges the previous allegations.

22. Defendants Holocek, Krefft and/or Homolka failed to intervene to prevent other police officers from falsely arresting the Plaintiff, even though each of them had a reasonable opportunity to do so, and thus violated the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from false arrest.

23. The actions of Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights as well as his injuries, as described more fully above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands compensatory damages against Defendants Holocek, Krefft and Homolka, and because these Defendants acted

maliciously, wantonly, or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this court deems equitable and just.

### COUNT V – Illinois State Law Claim of Malicious Prosecution – Plaintiff v. Village of Hinsdale, Anthony Holocek, Thomas Krefft, and Frank Homolka

24. Plaintiff re-alleges the previous allegations.

25. Plaintiff was falsely charged with various misdemeanor offenses, even though Defendants Holocek, Krefft, and Homolka knew there was no probable cause for these charges to be filed against the Plaintiff.

26. Each of these Defendants played a substantial role in the prosecution of the Plaintiff, and took such actions with malice intent to prosecute the Plaintiff.

27. In taking these actions, Defendants Holocek, Krefft, and Homolka acted within the course and scope of their employment with the Village of Hinsdale.

28. On December 14, 2006, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

29. As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages (including but not limited to medical bills and attorneys' fees).

WHEREFORE, Plaintiff demands compensatory damages against Defendants Village of Hinsdale, Holocek, Krefft, and Homolka, plus punitive damages against Holocek, Krefft and Homolka, and other and additional relief as this court deems equitable and just.

### COUNT VI – Village of Hinsdale – Indemnification (Federal Claims)

30. Plaintiff realleges what has been previously alleged in this Complaint.

31. Defendant Village of Hinsdale was the employer of Defendants Holocek, Krefft, and Homolka at the time of this incident, and these individuals committed the aforementioned acts under color of law, and in the course and scope of their employment with the Village of Hinsdale.

WHEREFORE, Plaintiff demands that the Defendant Village of Hinsdale be found liable for compensatory damages to the Plaintiff, as well as for and all attorney's fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectfully submitted,

s/ Richard Dvorak

_____
By Richard Dvorak,
One of the Attorneys for the Plaintiff.

Richard Dvorak
Dvorak, Toppel & Barrido
3859 W. 26th Street
Chicago, IL 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)