12128

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY PELLICO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 07 C 7042 |
| ) | Hon. Harry Leinenweber |
| VILLAGE OF HINSDALE, a municipal ) | Mag. Judge Cole |
| Corporation; ARTHUR HOLECEK, a Village ) | |
| Hinsdale Police Officer (Star #202); THOMAS ) | |
| KREFFT, a Village of Hinsdale Police Officer ) | |
| (Star #204), FRANK HOMOLKA, a Village of ) | |
| Hinsdale Police Officer ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS VILLAGE OF HINSDALE, ARTHUR HOLECEK, THOMAS KREFFT, AND FRANK HOMOLKA's ANSWER AND AFFIRMATIVE DEFENSES

NOW COME, Defendants, VILLAGE OF HINSDALE, ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, by and through their attorneys, Laura L. Scarry, James L. DeAno and Patrick F. Moran of DeANO & SCARRY, and in response to Plaintiff's Complaint, answers as follows:

Jurisdiction

1. The jurisdiction of this Court is invoked Pursuant to the Civil Rights Act, 42 U.S.C. §1983, and §1988; the judicial code 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and pendent jurisdiction, as provided under U.S.C. §1367(a).

ANSWER: Defendants deny committing any acts which deprived Plaintiff of any rights secured under the Constitution and laws of the United States, but admit the remaining allegations in paragraph 1.

1

Parties

2. At all relevant times pertaining to this occurrence, Plaintiff Gregory Pellico was a United States citizen, residing in Elmhurst, DuPage County, Illinois.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. At all relevant times pertinent to this occurrence, Defendants Arthur Holocek, Thomas Krefft and Frank Homolka were police officers with the Village of Hinsdale, Illinois.

ANSWER: Defendants admit the allegations in paragraph 3.

4. Defendants Holocek, Krefft and Homolka were acting under color of law and within the course and scope of their employment with Village of Hinsdale at all times pertinent to this Complaint.

ANSWER: Defendants admit the allegations in paragraph 4.

5. Defendant Village of Hinsdale is a municipal corporation, incorporated under the laws of the State of Illinois, and the Village was, at the time of the occurrence, the employer and principal of Defendants Holocek, Krefft and Homolka.

ANSWER: Defendants admit the allegations in paragraph 5.

Facts

6. On or about July 14, 2006, Plaintiff was approached by one or more Village of Hinsdale police officers.

ANSWER: Defendants admit that Village of Hinsdale police officers responded to a disturbance call where they encountered the plaintiff. Defendants deny any remaining allegations in paragraph 6.

7. On the above date, Defendant Holocek physically abused the Plaintiff in a willful and wanton manner, *i.e.*, he hit the Plaintiff in the left arm, causing bruising, and purposefully and unreasonably twisted the Plaintiff in such a manner as to cause serious permanent injury to the Plaintiff's left knee. In addition, Holocek and/or Krefft caused injury to the Plaintiffs wrists by handcuffing the Plaintiff in an unreasonable and unnecessary manner.

ANSWER: Defendants deny the allegations contained in paragraph 7.

8. When Holocek and/or Krefft took the above actions, Defendants Holocek, Krefft and/or Homalka had a reasonable opportunity to prevent such excessive force, but each of them failed to take any steps to intervene to prevent such abuse, even though each of them had a reasonable opportunity to do so.

ANSWER: Defendants deny the allegations contained in paragraph 8.

9. On the above date, the Plaintiff was arrested by Defendants Holocek and/or Krefft, without probable cause or any other legal justification, and charged with various misdemeanor offenses. When Holocek and/or Krefft and/or Homolka took the above actions, they each had a reasonable opportunity to prevent the Plaintiff from being falsely arrested, but each failed to take any steps to intervene to prevent the false arrest.

ANSWER: Defendants admit that the plaintiff was placed under arrest on July 14, 2006, but deny the remaining allegations contained in paragraph 8.

10. Thereafter, Defendants Holocek and/or Krefft and/or Homolka falsely charged the Plaintiff and/or played a substantial role in the charging of the Plaintiff, with various misdemeanor offenses, all of which were terminated in a manner consistent with the innocence of the Plaintiff on December 14, 2006.

ANSWER: Defendants deny the allegations contained in paragraph 10.

3

11. As a result of the actions described in this complaint, the Plaintiff suffered severe past, future and permanent physical and mental pain and suffering, and pecuniary damages (including but not limited to medical bills and attorneys' fees).

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

### COUNT I - 42 U.S.C. § 1983, Excessive Force – Plaintiff v. Arthur Holocek and Thomas Krefft

12. Plaintiff re-alleges the previous allegations.

ANSWER: Defendant re-asserts and answers the previous allegations as if set forth fully herein.

13. Defendant Holocek and/or Krefft unreasonably physically abused the Plaintiff in a manner described more fully above, and thus violated the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from excessive force.

ANSWER: Defendants deny the allegations contained in paragraph 13.

14. The actions of Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights as well as his injuries, as described more fully above.

ANSWER: Defendants deny the allegations contained in paragraph 14.

### COUNT II - 42 U.S.C. § 1983, False Arrest – Plaintiff v. Arthur Holocek and Thomas Krefft

15. Plaintiff re-alleges the previous allegations.

ANSWER: Defendant re-asserts and answers the previous allegations as if set forth fully herein.

16. Defendants Holocek and/or Krefft falsely arrested the Plaintiff, and thus violated the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States

4

Constitution to be free from unreasonable searches and seizures.

ANSWER: Defendants deny the allegations contained in paragraph 16.

17. The actions of Defendants Holocek and/or Krefft were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights as well as their injuries, as described more fully above.

ANSWER: Defendants deny the allegations contained in paragraph 17.

### COUNT III - 42 U.S.C. § 1983, Failure to Intervene to Prevent Excessive Force – Plaintiff v. Arthur Holocek, Thomas Krefft and Frank Homolka

18. Plaintiff re-alleges the previous allegations.

ANSWER: Defendant re-asserts and answers the previous allegations as if set forth fully herein.

19. Defendants Holocek, Krefft and/or Homolka failed to intervene to prevent other police officers from using excessive force, even though each of them had a reasonable opportunity to do so, and thus violated the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from excessive force.

ANSWER: Defendants deny the allegations contained in paragraph 19.

20. The actions of Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights as well as his injuries, as described more fully above.

ANSWER: Defendants deny the allegations contained in paragraph 20.

### COUNT IV- 42 U.S.C. § 1983, Failure to Intervene to Prevent False Arrest -- Plaintiff v. Arthur Holocek, Thomas Krefft and Frank Homolka

21. Plaintiff re-alleges the previous allegations.

ANSWER: Defendant re-asserts and answers the previous allegations as if set forth fully herein.

5

22. Defendants Holocek, Krefft and/or Homolka failed to intervene to prevent other police officers from falsely arresting the Plaintiff, even though each of them had a reasonable opportunity to do so, and thus violated the Plaintiff's rights under the Fourth and Fourteenth Amendment to the United States Constitution to be free from false arrest.

ANSWER: Defendants deny the allegations contained in paragraph 22.

23. The actions of Defendants were the direct and proximate cause of the violations of the Plaintiff's Fourth Amendment rights as well as his injuries, as described more fully above.

ANSWER: Defendants deny the allegations contained in paragraph 23.

### COUNT V - Illinois State Law Claim of Malicious Prosecution - Plaintiff v. Village of Hinsdale, Anthony Holocek, Thomas Krefft, and Frank Homolka

24. Plaintiff re-alleges the previous allegations.

ANSWER: Defendant re-asserts and answers the previous allegations as if set forth fully herein.

25. Plaintiff was falsely charged with various misdemeanor offenses, even though Defendants Holocek, Krefft, and Homolka knew there was no probable cause for these charges to be filed against the Plaintiff.

ANSWER: Defendants deny the allegations contained in paragraph 25.

26. Each of these Defendants played a substantial role in the prosecution of the Plaintiff, and took such actions with malice intent to prosecute the Plaintiff.

ANSWER: Defendants deny the allegations contained in paragraph 26.

27. In taking these actions, Defendants Holocek, Krefft, and Homolka acted within the course and scope of their employment with the Village of Hinsdale.

ANSWER: Defendants admit that Defendants HOLECEK, KREFFT, and HOMOLKA were at all times acting within the course and scope of their employment, but deny that the plaintiff

6

was falsely charged and/or maliciously prosecuted.

28. On December 14, 2006, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

ANSWER: Defendants deny the allegations contained in paragraph 28.

29. As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages (including but not limited to medical bills and attorneys' fees).

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

### COUNT VI - Village of Hinsdale –
### Indemnification (Federal Claims)

30. Plaintiff realleges what has been previously alleged in this Complaint.

ANSWER: Defendant re-asserts and answers the previous allegations as if set forth fully herein.

31. Defendant Village of Hinsdale was the employer of Defendants Holocek, Krefft, and Homolka at the time of this incident, and these individuals committed the aforementioned acts under color of law, and in the course and scope of their employment with the Village of Hinsdale.

ANSWER: Defendants admit that Defendants HOLECEK, KREFFT, and HOMOLKA were at all times acting under the color of law and within the course and scope of their employment, but deny that the plaintiff suffered any deprivation of his civil rights and/or was falsely charged and/or maliciously prosecuted.

WHEREFORE, Defendants, VILLAGE OF HINSDALE, a Municipal Corporation, and POLICE OFFICERS ARTHUR HOLECEK, THOMAS KREFFT, and FRANK HOMOLKA,

7

deny that Plaintiff is entitled to judgment against Defendants in any amount whatsoever and pleading affirmatively respectfully request this Honorable Court enter judgment in their favor, and against the Plaintiff, along with the cost of this litigation.

                              Respectfully submitted,

                              DeANO & SCARRY, LLC

                              _____s/Laura L. Scarry_____
                              Attorney for Defendants

Laura L. Scarry (ARDC No. 6231266)
Patrick F. Moran (ARDC No. 6279297)
DeAno & Scarry, LLC
53 West Jackson Blvd. Suite 1062
Chicago, IL 60604
(630) 690-2800
Fax: (312) 564-4125

8

## AFFIRMATIVE DEFENSES

Defendants VILLAGE OF HINSDALE, a Municipal Corporation, and POLICE OFFICERS ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, by and through their attorneys, James B. DeAno, Laura L. Scarry and Patrick F. Moran of DeANO & SCARRY, LLC and for their affirmative defenses, state as follows:

### First Affirmative Defense
### Qualified Immunity

1. Plaintiff, GREGORY PELLICO, has plead in his Complaint that on July 14, 2006, Defendants, OFFICERS ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, used excessive force and falsely arrested him (or failed to prevent the use of excessive force or the false arrest) in violation of Plaintiff's rights under federal law during the course of a call alleging a disturbance on Ogden Avenue in the Village of Hinsdale.

2. Defendants, OFFICERS ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, have answered the Complaint denying they are legally liable to the Plaintiff, GREGORY PELLICO.

3. That in so far as the claims against Defendants, OFFICERS ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, in Counts I through IV of Plaintiff's Complaint is brought against them in their individual capacity, Defendants, OFFICERS ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, are entitled to qualified immunity.

WHEREFORE, the Defendants, OFFICERS ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, pray that this Honorable Court enter judgment in their favor and against Plaintiff, LAWRENCE PENZIK with respect to any individual capacity claim alleged in Counts I and II of Plaintiff's Complaint.

## Second Affirmative Defense
## Illinois' Tort Immunity Act

1. Plaintiff, GREGORY PELLICO, has plead in his Complaint that on July 14, 2006, Defendants, OFFICERS ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, used excessive force and falsely arrested him (or failed to prevent the use of excessive force or the false arrest) in violation of Plaintiff's rights under federal law during the course of a call for alleging a disturbance on Ogden Avenue in the Village of Hinsdale. Plaintiff additionally asserts an independent state law action for malicious prosecution.

2. Defendants, OFFICERS ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, have answered the Complaint denying they are legally liable to the Plaintiff, GREGORY PELLICO.

3. Defendants, OFFICERS ARTHUR HOLECEK, THOMAS KREFFT and FRANK HOMOLKA, have also denied that Plaintiff, GREGORY PELLICO, has alleged any civil rights violation by these Defendants under Illinois state law.

4. That if the Court finds that Plaintiff, GREGORY PELLICO, has in fact alleged civil rights violation(s) under Illinois state law, the Defendants assert the state law claims are time-barred because they were not filed within one year of the alleged injury. 745 ILCS 5/8-101(a).

5. Additionally, there was in force and effect, in the State of Illinois, at the time of the occurrence in question, a certain statute which provides as follows:

   a. Defendants, OFFICERS HOLECEK, KREFFT, and HOMOLKA, public employees serving in a position involving the exercise of discretion, are not liable for any injury to Plaintiff as a result of exercising such discretion. 745 ILCS 10/2-201.

   b. Defendants, OFFICERS HOLECEK, KREFFT, and HOMOLKA, public

employees, are not liable for their acts in the execution and enforcement of any law unless such acts constitutes willful and wanton conduct. 745 ILCS 10/2-202.

   c. Defendants, OFFICERS HOLECEK, KREFFT, and HOMOLKA, public employees serving in a position involving the exercise of discretion, are not liable to pay punitive or exemplary damages for any injury to Plaintiff as a result of exercising such discretion. 745 ILCS 10/2-213.

   d. Defendants, OFFICERS HOLECEK, KREFFT, and HOMOLKA, public employees acting within the scope of their employment, are not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

   e. Defendants, OFFICERS HOLECEK, KREFFT, and HOMOLKA, public employees are not liable for an injury caused by their adoption of, or failure to adopt, and enactment, or by their failure to enforce any law. 745 ILCS 10/2-205.

   f. Defendants, OFFICERS HOLECEK, KREFFT, and HOMOLKA, public employees, are not liable for an injury resulting from diagnosing or failing to diagnose a person afflicted with mental or physical illness or addiction or from failing to prescribe for mental or physical illness or addiction. 745 ILCS 10/6-106(a).

   g. Defendants OFFICERS HOLECEK, KREFFT, and HOMOLKA, public employees, are not liable for injury caused by their instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

   h. Defendant, VILLAGE OF HINSDALE, as a local public entity, is not liable to pay punitive or exemplary damages in any action brought directly or indirectly by the Plaintiff. 745 ILCS 10/2-102.

      i.      Defendant, VILLAGE OF HINSDALE, as a local public entity, is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

      6.      The aforementioned sections of the Tort Immunity Act, immunize Defendants, VILLAGE OF HINSDALE, OFFICERS HOLECEK, KREFFT, and HOMOLKA, and bar Plaintiff, GREGORY PELLICO, from recovery in this cause herein.

      Respectfully submitted,

      DeANO & SCARRY, LLC

      s/Laura L. Scarry
      Attorney for Defendants

Laura L. Scarry (ARDC No. 6231266)
Patrick F. Moran (ARDC No. 6279297)
DeAno & Scarry, LLC
53 West Jackson Blvd. Suite 1062
Chicago, IL 60604
(630) 690-2800
Fax: (312) 564-4125