### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY PELLICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.    07 C 7042 |
| | ) | Hon. Harry Leinenweber |
| VILLAGE OF HINSDALE, a municipal | ) | Mag. Judge Cole |
| Corporation; ARTHUR HOLECEK, a Village | ) | |
| Hinsdale Police Officer (Star #202); THOMAS | ) | |
| KREFFT, a Village of Hinsdale Police Officer | ) | |
| (Star #204), FRANK HOMOLKA, a Village of | ) | |
| Hinsdale Police Officer | ) | |
| | ) | |
| Defendants. | ) | |

## HIPAA QUALIFIED PROTECTIVE ORDER

This matter coming to be heard on the agreed motion of the parties for the entry of a

Qualified Protective Order pursuant to the Health Insurance Portability and Accountability Act

of 1996 (*see, Pub L. 104-191, 110 Stat. 1936*), due notice hereof having been given, and the

court being fully advised in the premises:

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The current parties (and their attorneys) and any future parties (and their attorneys) to the

above-captioned matter are hereby authorized to receive, subpoena and transmit "protected

health information (also referred to as "PHI")," pertaining to plaintiff GREGORY PELLICO to

the extent and subject to the conditions outlined herein.

2.      For the purposes of this Qualified Protective Order, "PHI" or "protected health

information" shall have the same scope and definition as set forth in *45 CFR 1060.103* and

*160.501*. Without limiting the generality of the foregoing PHI includes, but is not limited to



health information, including demographic information, relating to either (a) the past, the present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3.     However, this order is not an authorization to obtain records. All parties must fully comply with all applicable discovery rules, statutes and precedent. Upon such compliance, all "covered entities" (as defined by *45 CFR 160.103*) are hereby authorized to disclose PHI pertaining to plaintiff GREGORY PELLICO to all attorneys now of record on this matter or who may become of record in the future of this litigation.

4.     The parties and their attorneys shall be permitted to use the PHI of plaintiff GREGORY PELLICO solely for the matter reasonably connected with the above-captioned litigation. This includes, but is not limited to disclosure to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff and consultants) the parties insurers, experts, consultants, court reporters, copy services, and jurors).

5.     At the conclusion of the litigation as to any defendant (which shall be defined as the point at which final orders disposing of the entire case as to any defendant have been entered, or the time at which all trial and appellate proceeding have been exhausted as to any defendant), that defendant and any person or entity in possession of PHI received pursuant to paragraph 4 of this order shall destroy any and all copies of PHI pertaining to plaintiff GREGORY PELLICO except: (a) the defendant that is no longer in the litigation may retain PHI generated by him/her/it and (b) the remaining defendants in the litigation, and persons or entities receiving PHI from those defendants pursuant to paragraph 4 of this order, may retain PHI in their possession until the conclusion of their involvement in the litigation.

6.      This order shall not control or limit the use of PHI pertaining to plaintiff GREGORY

PELLICO that comes into the possession of any party or any party's attorney from a source other

than a "covered entity" as that term is defined in *45 CFR 160.103.*

7.      Nothing in this order authorizes defense counsel to obtain medical records or information

through means other than formal discovery requests, subpoena, depositions, patient authorization

or attorney client communications. Likewise, nothing in this order relieves any party from

complying with the requirements of the Illinois Mental Health and Developmental Disability

Confidentiality Act (*740 ILCS 110/1 et.seq.*) the Aids Confidentiality Act (*410 ILCS 305/1*

*et.seq.*) or state and federal law that protects certain drug and alcohol records (*20 ILCS 301/30-5;*

*42 USC 239dd-3, 290ee-3, and 42 CFR Part 2*).


_____

JUDGE HARRY LEINENWEBER


*Prepared By:*
James L. DeAno #6180161
Patrick F. Moran # 6279297
DeAno & Scarry, LLC
53 W. Jackson, Suite 1062
Chicago, IL 60604
(630) 690-2800;
Fax:  (630) 690-2853