**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY PELLICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2007-cv-7042 |
| | ) | |
| VILLAGE OF HINSDALE, et al., | ) | |
| | ) | Honorable Harry D. Leinenweber |
| Defendants. | ) | Magistrate Judge Cole |
| | ) | |

**DEFENDANT FRANK HOMOLKA'S MOTION FOR RULE 50 JUDGMENT AS
A MATTER OF LAW ON THE FAILURE TO INTERVENE CLAIMS**

Defendant FRANK HOMOLKA, by and through his attorneys, DeANO & SCARRY, LLC, pursuant to Rule 50 of the Federal Rules of Civil Procedure, requests this Honorable Court enter Rule 50 Judgment as a Matter of Law in his favor on failure to intervene to prevent a false arrest claim and on plaintiff's failure to intervene to prevent excessive force claims. In support of their motion, Defendant state as follows:

**1. Summary of Argument**

The plaintiff's failure to intervene claims are subject to Rule 50 judgment as a matter of law. Assuming a violation of plaintiff's constitutional rights took place (either a false arrest[1] or excessive force) Officer Homolka did not have a realistic opportunity to intervene to prevent the constitutional violation at issue.

**2. Legal Standard for Rule 50 Judgment**

Federal law provides the applicable standard for a Rule 50 motion for judgment as a matter of law. *Deimer v. Cincinnati Sub-Zero Products, Inc*., 58 F.3d 341, 343 (7th

---

[1] Defendants, including Homolka, have filed a separate Rule 50 motion requesting qualified immunity on plaintiff's claims.

1

Cir.1995) (*quoting Mayer v. Gary Partners & Co.*, 29 F.3d 330, 335 (7th Cir.1994)). The standard is whether the evidence presented, combined with all reasonable inferences permissibly drawn, is legally sufficient to support the verdict when viewed in the light most favorable to the nonmovant. *Fed.R.Civ.P. 50(b); Mathur v. Board of Trustees of Southern Illinois University*, 207 F.3d 938, 941 (7th Cir.2000); *Collins v. Kibort*, 143 F.3d 331, 335 (7th Cir.1998); *Gagan v. American Cablevision, Inc.*, 77 F.3d 951, 960 (7th Cir.1996). In other words, the test is whether no rational jury could have returned a verdict for the plaintiff. *Mathur*, 207 F.3d at 941; *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 630 (7th Cir.1996). The court may not reweigh the evidence, resolve conflicts in the testimony against plaintiffs, or override the jury's determinations as to the credibility of witnesses. *Grassi v. Information Resources, Inc.*, 63 F.3d 596, 599 (7th Cir.1995); *Soto v. Adams Elevator Equipment Co.*, 941 F.2d 543, 549 (7th Cir.1991); *Anderson v. Gutschenritter*, 836 F.2d 346, 348 (7th Cir.1988).

### 3. Summary of Plaintiff's Evidence Concerning False Arrest

Officer Homolka doesn't remember being at the scene of the arrest of the plaintiff. Both plaintiff and witness Anthony Schreiber remember differently. But, no matter whether Homolka was at the scene of the arrest of not, the evidence presented by the plaintiff shows that Homolka did not have a realistic opportunity to intervene to prevent any constitutional harm to plaintiff. Plaintiff was subjected to the alleged excessive force and false arrest before Officer Homolka had a realistic opportunity to step in.

Plaintiff describes his arrest and the excessive force used as extremely fast events. Plaintiff's own testimony indicates that he was standing by Officer Krefft's car

wondering what the problem was; that officer Holecek came up to him and demanded he cooperate; and then Holecek struck plaintiff in the arm, twisting him around, and placing him under arrest. Plaintiff's allegation of Holecek's fast action dooms his failure to intervene claim against Homolka.

In plaintiff's deposition, he stated that he didn't recall is any other Hinsdale Police Officers were even on the scene of his arrest prior to Holecek approaching him and using force on him. Then, later on, he recalled Homolka being on the scene, but could not give the minutes or seconds that Homolka was present before he was subjected to the constitutional violations. Plaintiff was sure that Homolka was twenty feet or so away at the time Holecek allegedly committed the acts of excessive force.

Plaintiff's failure to allege Homolka was in a position to prevent the constitutional harm in the fast timeframe that it occurred makes Rule 50 judgment appropriate here.

### 4. Realistic Opportunity to Intervene

While an officer has a duty under § 1983 "to intervene to prevent a false arrest or the use of excessive force if the officer is informed of the facts that establish a constitutional violation and has the ability to prevent it," *Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir.2003), the plaintiffs have not produced sufficient evidence that either officer "had reason to know ... excessive force was being used ... and ... had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994); *Montano v. City of Chicago,* 535 F.3d 558 (7th Cir. 2008).

In *Yang v. Hardin,* 37 F.3d 282 (7th Cir. 1994), the appellate court noted three different actions an officer could perform that would constitute "intervention." An

officer, "[a]t a minimum … could have called for a backup, called for help, or at least cautioned [the other officer] to stop."

The Seventh Circuit has, many times, reaffirmed that the officer be given a "realistic opportunity" to perform these actions, but there is little decided law on what "realistic" means in this context. Generally speaking, the question of "realistic opportunity" revolves around timing. *See Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir.2005); *Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 478 (7th Cir.1997).

**5.     Officer Homolka Did Not Have A Realistic Opportunity to Intervene**

By the plaintiff's own admission, officer Homolka did not have a realistic opportunity to intervene to prevent the constitutional harm to him. The plaintiff describes the arrest and excessive force as an extremely fast event. And his failure to place Homolka in a position that would realistically prevent the harm that occurred so quickly means Rule 50 judgment is appropriate.

The timing of plaintiff's story is the key. If Officer Homolka is to be held liable on a theory of failure to intervene, then officer Homolka needs realistic time to either: call for a backup, call for help, or caution [the other officer] to stop. *Yang v. Hardin,* 37 F.3d 282 (7th Cir. 1994). But by plaintiff's own telling, Officer Homolka was twenty feet away when Holecek abruptly assaulted him. Homolka could not have had a realistic chance to call for backup, call for help or caution Holecek to stop in the time it took for Holecek to approach plaintiff, hit him, twist him around, and handcuff him. There simply was no realistic opportunity for Officer Homolka to intervene.

### **6.     Conclusion**

Officer Frank Homolka requests this Honorable Court enter Rule 50 Judgment as a Matter of Law in his favor on failure to intervene to prevent a false arrest claim and on plaintiff's failure to intervene to prevent excessive force claims. Officer Homolka, under the plaintiff's own telling, did not have a realistic opportunity to intervene.

Respectfully submitted,

     s/James L. DeAno
Attorney for Defendants

James L. DeAno #6180161
Patrick F. Moran # 6279297
DeAno & Scarry, LLC
53 W. Jackson, Suite 550
Chicago, IL 60604
(630) 690-2800;
Fax:  (630) 690-2853