**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY PELLICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2007-cv-7042 |
| | ) | |
| VILLAGE OF HINSDALE, et al., | ) | |
| | ) | Honorable Harry D. Leinenweber |
| Defendants. | ) | Magistrate Judge Cole |
| | ) | |

**DEFENDANTS' MOTION FOR RULE 50 JUDGMENT AS A MATTER OF LAW**

Defendants, VILLAGE OF HINSDALE, THOMAS KREFFT, ART HOLECEK, and FRANK HOMOLKA, by and through their attorneys, DeANO & SCARRY, LLC, pursuant to Rule 50 of the Federal Rules of Civil Procedure, request this Honorable Court enter a grant of qualified immunity and judgment in their favor on plaintiff's false arrest and failure to intervene to prevent a false arrest claims. Defendants additionally request Rule 50 judgment on plaintiff's excessive force and failure to intervene to prevent excessive force claims. In support of their motion, Defendants state as follows:

### 1.     Summary of Argument

The plaintiff's false arrest claim is subject to Rule 50 judgment as a matter of law. The officers had probable cause (or arguable probable cause) to make the arrest of the plaintiff. The fact that probable cause or arguable probable cause existed allows the court to grant the officers qualified immunity on the false arrest claim and enter Rule 50 judgment against plaintiff on all counts and issues related to the false arrest.

The plaintiff's excessive force claim is also subject to Rule 50 judgment as a matter of law. The officers used the force reasonable under the circumstances to affect

1

the arrest of the plaintiff. The mechanism of the injury may have unfortunately resulted in a torn ligament in plaintiff's knee, but qualified immunity focuses on whether the officer acted within clearly established standards given what he thought his powers were. Here, officer Holecek clearly acted within his powers and clearly established standards when he arrested plaintiff, making qualified immunity appropriate.

## 2. Legal Standard for Rule 50 Judgment

Federal law provides the applicable standard for a Rule 50 motion for judgment as a matter of law. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 343 (7th Cir.1995) (*quoting Mayer v. Gary Partners & Co.*, 29 F.3d 330, 335 (7th Cir.1994)). The standard is whether the evidence presented, combined with all reasonable inferences permissibly drawn, is legally sufficient to support the verdict when viewed in the light most favorable to the nonmovant. *Fed.R.Civ.P. 50(b); Mathur v. Board of Trustees of Southern Illinois University*, 207 F.3d 938, 941 (7th Cir.2000); *Collins v. Kibort*, 143 F.3d 331, 335 (7th Cir.1998); *Gagan v. American Cablevision, Inc.*, 77 F.3d 951, 960 (7th Cir.1996). In other words, the test is whether no rational jury could have returned a verdict for the plaintiff. *Mathur*, 207 F.3d at 941; *Emmel v. Coca-Cola Bottling Co. of Chicago*, 95 F.3d 627, 630 (7th Cir.1996). The court may not reweigh the evidence, resolve conflicts in the testimony against plaintiffs, or override the jury's determinations as to the credibility of witnesses. *Grassi v. Information Resources, Inc.*, 63 F.3d 596, 599 (7th Cir.1995); *Soto v. Adams Elevator Equipment Co.*, 941 F.2d 543, 549 (7th Cir.1991); *Anderson v. Gutschenritter*, 836 F.2d 346, 348 (7th Cir.1988).

### 3. Summary of Plaintiff's Evidence

#### (i) False Arrest Evidence

Plaintiff's trial testimony denied that he was committing any violations of the Illinois Criminal Code on July 14, 2006 when he was arrested by Officers Holecek and Krefft. But, his testimony regarding what his actions were once Krefft told him to stop (initially) and what his actions were when Krefft began to investigate the disturbance call are what establish arguable probable cause for his arrest.

Pellico admits that he was visiting his mother inside the ManorCare facility on July 14, 2006 in Hinsdale, Illinois. He left after getting into an argument with the nursing home staff and walked out the front door. He passed a policeman on his way out (Krefft). Pellico was walking out of the building after the officer called for him. Pellico claims he did not know why the officer wanted to talk to him and didn't think the officer was there for him. But Pellico kept walking after being told to stop. Pellico continued to walk after being told to stop "once or twice more." Pellico eventually complied and returned with the officer to the parking lot of ManorCare.

It was upon his return that Pellico stood next to Officer Holecek. Pellico disregarded Holecek's order to stay where he was and followed after Krefft. Holecek stopped Pellico from interfering with Krefft's investigation and placed Pellico in handcuffs. At this point, Pellico's resisting arrest scratched Holecek's finger, which was tended to by one of the nurses at ManorCare.

### *(ii) Excessive Force Evidence*

Plaintiff testified that Officer Holecek arrived on the scene and had a short conversation with Officer Krefft. Then, Holecek immediately approached plaintiff and demanded he "talk." Plaintiff then says Holecek struck him on the arm. Plaintiff then says he was grabbed, twisted around, and handcuffed. After he was handcuffed, no more force was used.

Holecek and Krefft admit that plaintiff was placed in handcuffs. They admit they had to touch plaintiff in order to do so. They deny that plaintiff was struck in any manner, but admit that plaintiff was fighting their attempts to handcuff him.

### **4.     Qualified Immunity and Arguable Probable Cause**

In *Humphrey v. Stasak,* 148 F.3d 719 (7th Cir. 1998), the court of appeals outlined the definition of "arguable probable cause." It wrote:

> With an unlawful arrest claim in a § 1983 action when a defense of qualified immunity has been raised, we will review to determine if the officer actually had probable cause or, if there was no probable cause, whether a reasonable officer could have mistakenly believed that probable cause existed. *See Edwards v. Cabrera*, 58 F.3d 290, 293 (7th Cir.1995); *see also Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991). Courts have referred to the second inquiry as asking whether the officer had "arguable" probable cause. *See Lee v. Sandberg*, 136 F.3d 94 (2d Cir.1997); *Kelly v. Bender*, 23 F.3d 1328 (8th Cir.1994); *Gold v. City of Miami*, 121 F.3d 1442 (11th Cir.1997) (per curiam). Arguable probable cause exists when "a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law." *Gold*, 121 F.3d at 1445 (citation omitted). Officers are entitled to summary judgment on qualified immunity grounds if their actions were not objectively unreasonable at the time they were taken. *Lee*, 136 F.3d at 102. The court should ask if the officer acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed several years after the fact. *Hunter*, 502 U.S. at 228, 112 S.Ct. at 537.

In *Humphrey,* the Seventh Circuit addressed whether an officer that had judgment entered against him after a jury verdict was nonetheless entitled to qualified immunity. The Seventh Circuit reversed the judgment and remanded for the entry of an order granting qualified immunity. The court in *Humphrey* noted that "Public officers require the protection of qualified immunity to shield them from undue interference with their duties. *Harlow*, 457 U.S. at 806, 102 S.Ct. at 2732. A review of the evidence in this case shows that, although Staszak may not have had actual probable cause, at the very least he had "arguable" probable cause to arrest Humphrey given the state of Illinois law at the time of the arrest." *Humphrey,* 148 F.3d at 728.

On July 14, 2006, in Illinois, the crime of attempted obstruction of justice was committed when:

> "A person commits the offense of attempt when, with intent to commit a specific offense, he or she does any act that constitutes a substantial step toward the commission of that offense." 720 ILCS 5/8-4
> And:
> "A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly ….Possessing knowledge material to the subject at issue, he … conceals himself." 720 ILCS 5/31-4

The attempt to obstruct justice on Pellico's part was on two occasions. First, when he was identified by the staff at ManorCare as "that's him" to Officer Krefft (who was responding to a call of a disturbance), Pellico continued to walk away after being commended to stop by Krefft. Pellico took a literal step (not just a "substantial step") in an attempt to conceal himself from Officer Krefft. Second, once Pellico was brought back to the squad car and stationed with Officer Holecek, he followed Officer Krefft back into the ManorCare facility, walking away from Officer Holecek in the process. This was another step toward obstructing justice.

5

As of July 14, 2006, the cases in Illinois discussing obstruction of justice and attempted obstruction of justice did not provide clear guidance on whether walking away from the officers as Pellico did constituted the crime. Generally speaking, there were some clear instances of obstruction of justice: providing a false name (*People v. Ellis,* 199 Ill.2d 28 (2002)); swallowing contraband items (*People v. Smith,* 227 Ill.App.3d 819 (4th Dist. 2003))); and providing affirmatively false and misleading information (*People v. Toolen,* 116 Ill.App.3d 162 (5th Dist. 1983)). But the acts of Pellico here were not specifically addressed in any reported decision.

Prior to the date of arrest, the closest case in Illinois that dealt with running away from police officers was *People v. Elsperman,* 219 Ill.App.3d 83 (4th Dist. 1991). There, the Illinois appellate court ruled that the hiding of evidence of intoxication by running away was not sufficient for 720 ILCS 5/31-4 (obstruction of justice), but alluded that such conduct would be in violation of 720 ILCS 5/31-1 (obstruction of a peace officer). Here, Pellico's act much more than running away to hide evidence of intoxication. Pellico first walked away from Krefft after being commended to stop by Krefft once Pellico was pointed out as an offender. Second, Pellico walked away from Holecek and after Krefft in an attempt to interfere in the investigation.

No matter what way these facts are looked at, Pellico had arguably committed two counts of obstruction.[1] His walking away from the officers after being commended not to do so fits the behavior under the crime. No Illinois court prior to July 14, 2006 had decided otherwise.

---

[1] If the issue is whether the officers were incorrect to charge Pellico with obstruction of justice under 720 ILCS 31-4 rather than 720 ILCS 31-1, the issue is irrelevant. Probable cause for an arrest exists as a bar to Sec. 1983 actions, independent of the crime ultimately charged. *Devenpeck v. Alford,* 543 U.S. 146, 125 S.Ct. 599, 160 L.Ed.2d 537 (2004). Therefore, even charge was filed under an improper number, the existence of arguable probable cause for ANY crime bars Pellico's false arrest claim.

Officers Krefft and Holecek (and Homolka under a failure to intervene theory) are entitled to qualified immunity because there was arguable probable cause to arrest Pellico and charge him with an attempted obstruction of justice. Pellico's actions on the date of the arrest (walking away from the officers in direct disregard of their orders) satisfied the elements of the crime under Illinois law. These officers acted in a fashion that "a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law." *Humphrey v. Stasak,* 148 F.3d 719 (7th Cir. 1998).

### 5. Qualified Immunity and Excessive Force

In the then-leading case on qualified immunity, the United States Supreme Court in *Saucier v. Katz,* 533 U.S.194 (2001), *overruled on other grounds, Pearson v. Callhan,* 555 U.S. 223 (2009), granted qualified immunity to officers using similar force to the force described here. In *Saucier,* Elliot Katz was protesting a speech given by the Vice President when he was grabbed and rushed from the area by federal agents. The agents in question "half-dragged" Katz to a military van where Katz was shoved inside. Before landing in the van, Katz caught himself just in time to avoid injury. *Saucier,* 533 U.S. at 198. The Supreme Court granted the agents qualified immunity. The Court wrote: "It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the

immunity defense." *Saucier,* 533 U.S. at 205. The Supreme Court made clear that the focus of the qualified immunity grant is "what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards." *Saucier,* 533 U.S. at 208.

Here, the evidence shows a fairly mundane arrest (despite what the claimed damages may be). Once Holecek was going to put plaintiff under arrest, even under the plaintiff's version of events, the force used was slight. Holecek allegedly grabbed/stuck plaintiff in the arm, twisted him around, and handcuffed him. That is the entire sum of the force used here.

The Supreme Court in *Saucier* granted qualified immunity on facts similar to this case. The Seventh Circuit has granted qualified immunity in cases resembling these facts as well. In *Rice v. Burks,* 999 F.2d 1172 (7th Cir. 1993), the appellate court ruled that the officers that struck an offender in the back, knocking him to the ground were entitled to qualified immunity. In *Jackson v. City of Joliet,* 198 Fed.Appx. 554 (7th Cir. 2006), the officers were entitled to qualified immunity where they grabbed the offender by the chest, tackled him to the ground and handcuffed him.

The Seventh Circuit has mandated that a plaintiff arguing against the grant of qualified immunity by (1) pointing to a closely analogous case that established a right to be free from the type of force the police officers used on him, or (2) showing that the force was so plainly excessive that, as an objective matter, the police officers would have been on notice that they were violating the Fourth Amendment. *Chelios v. Heavener,* 520 F.3d 678 (7th Cir. 2008). Plaintiff here has failed to point to any cases that are "closely

analogous" and has failed to show, objectively, that the force used (i.e., grabbing/striking on the arm, turning, and handcuffing) was plainly excessive.

The plaintiff's evidence falls short of what he needs to overcome the grant of qualified immunity on his excessive force claim against officers Holecek and Krefft. And because there was no constitutional violation of Fourth Amendment excessive force, officer Homolka had no duty to intervene.

### 6. Conclusion

The officer defendants are entitled to a grant of qualified immunity because arguable probable cause existed for plaintiff's commission of attempted obstruction of justice in this case. Judgment should be entered in favor of Officer Krefft and Holecek on the false arrest claim and in favor of Officer Homolka on the failure to intervene claim.

The officers are entitled to a grant of qualified immunity on plaintiff's excessive force claims because the force used was objectively reasonable and very similar to the force used in *Saucier v. Katz.* The plaintiff has failed to show a closely analogous case in which qualified immunity was not granted and has not demonstrated that the force used was objectively plainly excessive. Judgment should be entered in favor of Krefft and Holecek on the excessive force claim and in favor of Officer Homolka on the failure to intervene claim.

Respectfully submitted,

      s/James L. DeAno
Attorney for Defendants

James L. DeAno #6180161
Patrick F. Moran # 6279297
DeAno & Scarry, LLC
53 W. Jackson, Suite 550
Chicago, IL 60604
(630) 690-2800;
Fax: (630) 690-2853